**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| FRENKEL LAMBERT WEISS WEISMAN & GORDON, LLP<br>80 Main Street, Suite 460<br>West Orange, NJ 07052<br>973- 325-8800<br>File No.: 03-019947-B00<br>Douglas McDonough, Esq.<br>Attorney ID: DM0973<br>DMcDonough@flwlaw.com<br>Attorney for PennyMac Loan Services, LLC, Secured Creditor | Case No.: **20-23643-CMG**<br><br>Chapter 13<br><br>Judge Christine M. Gravelle |
| In Re:<br><br>**Le Shawn I Sneed**<br><br>Debtor(s). | |

# NOTICE OF OBJECTION TO CONFIRMATION
# OF CHAPTER 13 PLAN

Secured Creditor, PennyMac Loan Services, LLC (the "Secured Creditor"), which holds a mortgage lien on the real property located at 40 Summerhill Avenue, Jackson, NJ 08527 (the "Property") hereby objects to confirmation of the Chapter 13 Plan filed in the above referenced proceeding due to the following reasons:

1. Pursuant to 11 U.S.C. Section 1325(a)(5) the court shall confirm a plan only if at least one of three conditions relating to secured claims are met. The following conditions have not been met, and therefore the proposed plan cannot be confirmed:

    a. The Secured Creditor does not accept the proposed plan, pursuant to 11 U.S.C. Section 1325(a)(5)(A).

    b. The plan does not cure all the pre-petition arrears due and owing Secured Creditor, in violation of 11 U.S.C. Section 1325(a)(5)(B)(ii).

    c. The Plan does not call for the surrendering of the property securing the Secured Creditor's claim, pursuant to 11 U.S.C. Section 1325(a)(5)(C).

2. Absent the Debtor modifying the proposed plan to satisfy at least one of the above itemized conditions, this plan should not be confirmed.

3. The Plan fails to provide for the payment of regular post-petition monthly mortgage payments to the Secured Creditor.

4. The proposed Plan makes no provision to cure the pre-petition arrears to Secured Creditor. However, Secured Creditor estimates its pre-petition arrears at $13,365.46.[1] The proposed plan fails to provide for distribution to Secured Creditor in an amount equal to the allowed amount of Secured Creditor's claim as required by 11 U.S.C. §1325(a)(5)(B)(ii).

    a. If the Debtor's plan is to account for the full amount of Secured Creditor's pre-petition arrears, it calls into question the feasibility of Debtor ability to make the required increased Plan payments over the life of the Plan.

    b. Schedules I and J of the Petition should show the ability to support the higher payment or the Court should not confirm the Plan.

Based on the above, the Secured Creditor objects to confirmation as the proposed plan unless the provisions in the plan are modified to address the above itemized objections.

Secured Creditor further joins in any objection raised by the Chapter 13 Standing Trustee.

**FRENKEL LAMBERT WEISS**
**WEISMAN & GORDON, LLP**
Attorneys for Secured Creditor

Dated: March 08, 2021                    /s/ Douglas McDonough, Esq.
                                                     Douglas McDonough, Esq.

---

[1] If there is any discrepancy between the arrears amount listed in this Objection, and the arrears amount listed in Secured Creditor's proof of claim, the proof of claim shall control.

2

3

Case 20-23643-CMG    Doc 26    Filed 03/08/21    Entered 03/08/21 10:19:39    Desc Main
Document      Page 3 of 3