**I.MARK COHEN LAW GROUP**
Jonathan Goldsmith Cohen, Esq.
1 Executive Drive, Suite 6
Tinton Falls, NJ 07701
732-741-9500
Counsel to the Plaintiff, Efren J. Acosta

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| IN RE:<br><br>SNEED, LE SHAWN I.,<br><br>Debtor. | Case No. 20-236443(CMG)<br><br>Hon. Christine M. Gravelle, U.S.B.J.<br><br>Chapter 13 |
| EFREN J. ACOSTA,<br><br>Plaintiff,<br><br>v.<br><br>LE SHAWN I. SNEED,<br><br>Defendant. | Adv. Pro. No. |

**COMPLAINT TO DETERMINE DEBTS OF EFREN J. ACOSTE TO BE NON-DISCHARGEABLE PURSUANT TO 11 U.S.C. § 523 (a)(6).**

Efren J. Acosta, a creditor in the Chapter 13 bankruptcy case of Le Shawn I. Sneed (the "Debtor"), by and through its counsel, I. Mark Cohen Law Group, and by way of complaint against the defendant, Le Shawn I. Sneed (the "Debtor Defendant") alleges as follows:

## PARTIES

1.  Le Shawn I. Sneed filed a voluntary petition pursuant to Chapter 13 of the Bankruptcy Code (11 U.S.C. § 101 et seq) (the "Code") on December 16, 2020 (the "Petition Date").

2.  The Plaintiff, Efren J. Acosta is, at all times relevant hereto, an individual, a resident of the State of New York, with an address of 64 East Halley Lane, Central Islip NY 11722.

3.  The Debtor Defendant is an individual, New Jersey resident who resides at 40 Summerhill Avenue, Jackson NJ 08527. The Debtor Defendant is represented by counsel in the bankruptcy case.

## JURISDICTION

4.  This is a core proceeding brought pursuant to Fed. R. Bankr. Proc. 7001, 11 U.S.C. § 523 and 28 U.S.C. § 157 (b)(2)(I) and/or (O).

5.  This Court has jurisdiction over this matter pursuant to 28 U.S.C.§§ 1334(b) and 157(b)(1).

6.  The venue of this proceeding is in the District of New Jersey pursuant to 28 U.S.C. § 1409(a).

## RELEVANT FACTS

7.  On June 17, 2017, Plaintiff was working Shop Rite.

8.  At that time, the Debtor Defendant was making a delivery to the Shop Rite location at which the Plaintiff worked in a truck owned by the employer of the Debtor Defendant.

9.  Debtor Defendant got out of his truck, came over to Plaintiff, reached through the car window in which Plaintiff was seated and punched Plaintiff in the head (the "Attack").

10. Plaintiff attempted to protect himself with his arm and his left wrist was also struck.

11. Plaintiff suffered physical medical injuries as a result of the Attack.

12. Plaintiff suffered psychological injuries as a result of the Attack.

13. Plaintiff brough a criminal complaint against the Debtor Defendant for the Attack. The Debtor Defendant was arrested on July 30, 2017 and was charged with assault in the third degree with intent to cause physical injury to another person (the "Criminal Charge").

14. On August 1, 2017, Debtor Defendant plead guilty to the Criminal Charge.

15. In 2018, the Plaintiff filed a civil action against the Debtor Defendant in the Supreme Court for the State of New York, County of Suffolk, captioned as <u>Efren Acosta v. H&H Transportation Co., Inc., and Shawn Sneed</u>, Index No. 603323/2018 (the "Civil Action").

16. The Civil Action sought damages against the Debtor Defendant and his employer, based on the injuries suffered by the Plaintiff through and by the Attack.

17. The New York Supreme Court dismiss the Civil Action as to the Debtor Defendant's employer, H&H Transportation Co., Inc. by order dated April 16, 2019.

18. The New York Supreme Court conducted an inquest on damages on October 9, 2020.

19. On November 11, 2020, the New York Supreme Court entered a decision on inquest in the Civil Action (the "Order and Judgment").

20. The Order and Judgment held in favor of the Plaintiff in the amount of $400,000.00 "in past pain and suffering" and $250,000.00 in "future pain and suffering".

21. The Debtor Defendant did not appeal the Order and Judgment within the time frame set forth by the State of New York, or at all.

22. The injury to the Plaintiff was a willful and malicious Attack on the Plaintiff by the Debtor Defendant.

## COUNT ONE

### (Non-Dischargeability of Debt Pursuant to 11 U.S.C. § 523(a)(6))

23. The Plaintiff repeats and re-alleges each and every allegation set forth above as if set forth herein at length.

24. The Debtor Defendant is a resident of the State of New Jersey and a debtor under the Bankruptcy Code.

25. The Debtor Defendant plead guilty to assault in the third degree with intent to cause physical injury to another person in the State of New York.

26. Under the New York State law, the Debtor is the subject of an Order and Judgment finding a willful and malicious injury to the Plaintiff at the hands of the Debtor Defendant.

27. The Order and Judgment has not been appealed, nor is it the subject of a pending appeal.

28. The Debtor Defendant can no longer challenge the facts of the Civil Action, the Criminal Charge, or the Order and Judgment.

29. The Order and Judgment is subject to the provisions of §523(a)(6) of the Bankruptcy Code.

30. A discharge under Section 727, 1141, 1228(a), 1228(b), or 1328(b) of the Bankruptcy Code does not discharge an individual debtor from any debt -- "(6) for willful and malicious injury by the debtor to another entity or to the property of another entity.

31. The Debtor has filed a Chapter 13 Plan in the bankruptcy proceeding which does not propose to pay the Plaintiff in full.

**WHEREFORE**, Plaintiff demands judgment in its favor as follows:

a. For entry of an order declaring the Judgment amount to be non-dischargeable pursuant to 11 U.S.C. § 523(a)(6);

b. For costs of suit, including reasonable attorney's fees; and

c. For such other and further relief as the Court deems just and proper.

**I. MARK COHEN LAW GROUP**

Attorney for Plaintiff, Efren J. Acosta

DATED: March 8, 2021

__/s/ Jonathan Goldsmith Cohen_____

JONATHAN GOLDSMITH COHEN